## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KATHLEEN CARR, KEEGAN
KILLORY, AND KELSIE POWELL,
individually and on behalf of all similarly
situated persons,

                Plaintiff,

v.

OKLAHOMA STUDENT LOAN
AUTHORITY and NELNET
SERVICING, LLC.,

                Defendants.

Case No. 5:23-cv-00099

Judge:  Honorable David L. Russell

JURY TRIAL DEMANDED

### DEFENDANT NELNET SERVICING, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

Kyle N. Sweet, OBA # 17711
Brian D. Blackstock, OBA # 31943
**SWEET DEWBERRY HUBBARD**
24 West Park Place
Oklahoma City, OK 73103
kyle@sdh.law
brian@sdh.law

Claudia D. McCarron (*pro hac vice* forthcoming)
Justin M. Holmes (*pro hac vice* forthcoming)
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
cmccarron@mullen.law
jholmes@mullen.law

*Counsel for Defendant, Nelnet Servicing, LLC*

Dated:  May 15, 2023

## **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................... 1

II.   RELEVANT FACTUAL ALLEGATIONS ......................................................... 2

III.  ARGUMENT ................................................................................................ 3

    A.  Plaintiffs Has Failed to State a Claim Upon Which Relief Can Be Based............ 3

       1. Plaintiffs Have Failed to State a Claim for Negligence. ...................................... 4

       2. Plaintiffs Have Failed to State a Claim for Negligence *Per Se*............................ 6

          a.  An Alleged Violation of the FTC Act Does not Constitute Negligence *Per Se*…………………………………………………………………………………………………………………7

          b.  An Alleged Violation of InfoSecPGG Cannot Constitute Negligence *Per Se*…………………………………………………………………………………………………………………..8

       3. Plaintiffs Have Failed to State a Claim for Breach of Third-Party Beneficiary Contract. .................................................................................................... 9

       4. Plaintiffs Are Not Entitled to Declaratory or Injunctive Relief. ....................... 12

       5. Plaintiffs Have Failed to State a Claim for Invasion of Privacy. ....................... 13

          a.   Plaintiffs Have Not Established Intrusion Upon Seclusion ......................... 13

          b.   Plaintiffs Have Not Established Unreasonable Publicity............................. 15

IV.  CONCLUSION............................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Alexander v. Smith & Nephew, P.L.C.*,
    98 F. Supp. 2d 1299 (N.D. Okla. 2000) ........................................................................4
*Alleruzzo v. SuperValu, Inc.*,
    925 F.3d 955 (8th Cir. 2019).................................................................................5, 7
*Arco Ingenieros, S.A. de C.V. v. CDM Int'l Inc.*,
    368 F. Supp. 3d 256 (D. Mass. 2019).......................................................................11
*Arnold ex rel. Chesapeake Energy Corp. v. McClendon*,
    2012 WL 4483159 (W.D. Okla. Sept. 28, 2012)..........................................................3
*Ashcroft v. Iqbal*,
    556 U.S. 662, (2009) ..............................................................................................3
*Ayash v. Dana-Farber Cancer Inst.*,
    822 N.E.2d 667 (Mass. 2005).................................................................................16
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................................................3
*Berish v. Bornstein*,
    770 N.E.2d 961 (Mass. 2002)...................................................................................6
*Bird v. Valley Acre Farms, Inc.*,
    177 N.E.3d 459 (Ind. Ct. App. 2021) .......................................................................11
*Branyan v. Southwest Airlines Co.*,
    105 F. Supp. 3d 120 (D. Mass 2015)........................................................................14
*Brennan v. Hall*,
    904 N.E.2d 383 (Ind. Ct. App. 2009) .........................................................................5
*Brickner v. Gooden*,
    525 P.2d 632 (Okla. 1974) .......................................................................................4
*Brison v. Wellpath, LLC*,
    2023 WL 2495729 (D. Mass. Mar. 14, 2023) ............................................................10
*Bristow First Assembly of God v. BP p.l.c.*,
    210 F. Supp. 3d 1284 (N.D. Okla. 2016) ..................................................................13
*Broadway Maintenance Corp. v. Rutgers, State University*,
    447 A.2d 906 (N.J. 1982) ......................................................................................10
*Castro v. NYT Television*,
    895 A.2d 1173 (N.J. App. Div. 2006) ......................................................................16
*Chartney v. City of Choctaw*,
    441 P.3d 173 (Okla. Civ. App. 2019).........................................................................7
*Clark Bilt, Inc. v. Wells Dairy Co.*,
    261 N.W.2d 772 (Neb. 1978) ...................................................................................6
*Cmty. Bank of Trenton v. Schnuck Markets, Inc.*,
    887 F.3d 803 (7th Cir. 2018) ....................................................................................5

*Cmty. Health Network, Inc. v. McKenzie*,
    185 N.E.3d 368 (Ind. 2022) ................................................................. 16
*Colony Ins. Co. v. Burke*,
    698 F.3d 1222 (10th Cir. 2012) ........................................................... 11
*Cooney v. Chicago Pub. Sch.*,
    943 N.E.2d 23 (Ill. App. 2010) ............................................................. 5
*Curry v. Whitaker*,
    943 N.E.2d 354 (Ind. Ct. App. 2011) ................................................... 14
*Delaney v. Reynolds*,
    825 N.E. 554, 556 (Mass App. Ct. 2005) .............................................. 5
*Dubbs v. Head Start, Inc.*,
    336 F.3d 1194 (10th Cir. 2003) ........................................................... 15
*Entergy Arkansas, Inc. v. Nebraska*,
    226 F. Supp. 2d 1174 (D. Neb. 2002) ................................................... 9
*Equestrian Ridge Homeowners Ass'n v. Equestrian Ridge Ests. II Homeowners Ass'n*,
    953 N.W.2d 16 (Neb. 2021) ................................................................ 11
*Feins v. Goldwater Bank NA*,
    2022 WL 17552440 (D. Ariz. Dec. 9, 2022) ......................................... 15
*Fernandes v. DAR Dev. Corp.*,
    119 A.3d 878 (N.J. 2015) ..................................................................... 4
*Frezza v. Google Inc.*,
    2012 WL 5877587 (N.D. Cal. Nov. 20, 2012) ...................................... 12
*Gilmore v. Enogex, Inc.*,
    878 P.2d 360 (Okla. 1994) ................................................................. 14
*Gomez v. PDS Tech, Inc.*,
    2018 WL 1871461 (D.N.J. April 19, 2018) ............................................ 9
*Hadnot v. Shaw*,
    826 P.2d 978 (Okla. 1992) ................................................................. 16
*In re: Brinker Data Incident Litig.*,
    No. 3:18-cv-686, 2020 U.S. Dist. LEXIS 247918 (M.D. Fla. Jan. 27, 2020) ................. 7
*In re: Capital One Consumer Data Security Breach Litigation*,
    488 F. Supp. 3d 374 (E.D. Va. 2020) .................................................... 8
*In re: Netgain Tech., LLC*,
    2022 WL 1810606 (D. Minn. June 2, 2022) ........................................... 7
*In re: Rutter's Inc. Data Sec. Breach Litig.*,
    511 F. Supp. 3d 514 (M.D. Pa. 2021) .................................................... 5
*In re: Sonic Corp. Customer Data Sec. Breach Litig.*,
    No. 1:17-md-2807, 2020 U.S. Dist. LEXIS 114891 (N.D. Ohio July 1, 2020) .............. 7
*In re: TJX Companies, Retail Sec. Breach Litig.*,
    524 F. Supp. 2d 83 (D. Mass. 2007) ..................................................... 7
*Jama v. U.S. I.N.S.*,
    334 F. Supp. 2d 662 (D.N.J. 2004) ..................................................... 10

*Jones v. Univ. of Cent. Oklahoma*,
  910 P.2d 987 (Okla. 1995) ........................................................................9

*Kinsella v. Welch*,
  827 A.2d 325 (N.J. Super.  2003)............................................................14

*Kleven v. St. Joseph Cnty.*,
  616 F. Supp. 3d 836 (N.D. Ind. 2022)......................................................9

*Kraft v. Off. of the Comptroller of Currency*,
  2021 WL 1251393 (D.S.D. Apr. 5, 2021) ................................................13

*Krehnke v. Farmers Union Co-op. Assn.*,
  260 N.W.2d 601 (Neb. 1977) ....................................................................6

*Krottner v. Starbucks Corp.*,
  406 F. App'x 129 (9th Cir. 2010) ............................................................12

*Labega v. Joshi*,
  270 A.3d 378 (N.J. App. Div. 2022) .........................................................6

*Latzel v. Bartek*,
  846 N.W.2d 153 (Neb. 2014) ....................................................................4

*Levy-Tatum v. Navient Sols., Inc.*,
  183 F. Supp. 3d 701 (E.D. Pa. 2016)........................................................8

*Markel Service Ins. Agency, Inc. v. Tifco, Inc.*,
  530 N.E.2d 340 (Mass. 1988)..............................................................9, 10

*Mattero v. Silverman*,
  176 A.2d 270 (N.J. App. Div. 1961) .........................................................6

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ................................................................................13

*OEC-Diasonics, Inc. v. Major*,
  674 N.E.2d 1312 (Ind. 1996)...................................................................10

*Oil Cap. Racing Ass'n, Inc. v. Tulsa Speedway, Inc.*,
  628 P.2d 1176 (Okla. Civ. App. 1981).....................................................11

*Palmer v. Lakeside Wellness Ctr.*,
  798 N.W.2d 845 (Neb. 2011) ..................................................................10

*Ross v. Lowitz*,
  120 A.3d 178 (N.J. 2015).........................................................................11

*Salmon v. CRST Expedited, Inc.*,
  2016 WL 47876 (N.D. Okla. Jan. 4, 2016) ..............................................14

*Santos v. U.S. Bank Nat'l* Ass'n,
  54 N.E.3d 548 (Mass App. Ct. 2016)........................................................4

*Schoneweis v. Dando*,
  435 N.W.2d 666 (Neb. 1989) ..................................................................16

*SELCO Cmty. Credit Union v. Noodles & Co.*,
  267 F. Supp. 3d 1288 (D. Colo. 2017) ..................................................7, 8

*Shebester v. Triple Crown Insurers*,
  974 F.2d 135 (10th Cir. 1992) .................................................................10

*Springdale OK Spe LLC v. Wehner Multifamily LLC,*
  2022 WL 264553, FN 8 (W.D. Okla. Jan. 27, 2022) ....................................... 4
*Stachowski v. Estate of Radman,*
  95 N.E.3d 542 (Ind. Ct. App. 2018) ............................................................... 7
*Toretto v. Donnelley Financial Solutions, Inc.,*
  583 F. Supp. 3d 570 (S.D. N.Y. 2022) ........................................................... 7
*Troth v. Warfield,*
  495 F. Supp. 3d 729 (N.D. Ind. 2020) ............................................................ 7
*Tulsa Indus. Auth. v. City of Tulsa,*
  270 P.3d 113 (Okla. 2011) ............................................................................. 13
*Whipps Land & Cattle Co. v. Level 3 Commc'ns, LLC,*
  658 N.W.2d 258 (Neb. 2003) ........................................................................ 14

## Statutes

28 U.S.C. § 2201 ............................................................................................. 12
669, 681 (Wis ................................................................................................. 15
M.G.L. c. 214, § 1B ....................................................................................... 14
Okla. Stat. Ann. tit. 24, § 165(A) and (B) ...................................................... 9
Okla. Stat. Ann. Tit. 62, § 34.12 (West 2022) ............................................ 6, 8
§ 34.12(2) and (4) ............................................................................................ 9

## Rules

Federal Rule of Civil Procedure 12(b)(6) ............................................. 1, 2, 3, 17

Defendant Nelnet Servicing, LLC ("Nelnet"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court for an order dismissing Plaintiffs' First Amended Complaint in its entirety with prejudice. In support of this motion, Defendant submits this Brief in support of its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint.

## I.   INTRODUCTION

In July 2022, Nelnet was the victim of a cyber-attack affecting an online platform that Nelnet licensed to the Oklahoma Student Loan Authority ("OSLA") for OSLA's use in providing loan services to borrowers (the "Data Security Incident"). While Nelnet does service loans, the Named Plaintiffs and the putative class of individuals they seek to represent did not provide their Personally Identifiable Information ("PII") to Nelnet as Nelnet did not service any of their loans. Instead, Plaintiffs' PII was provided to OSLA and another loan servicer—EdFinancial Services, LLC ("EdFinancial")—who made use of an online platform to service loans licensed to them by Nelnet. The Complaint ignores the incontrovertible fact that no relationship between Nelnet and the Named Plaintiffs existed, which partially illustrates how the Complaint is devoid of factual allegations necessary to support the following causes of action directed to Nelnet: Negligence; Negligence *Per Se*; Breach of Third-Party Beneficiary Contract; Declaratory and Injunctive Relief; and Invasion of Privacy.[1]

---

[1] The Third, Fourth and Seventh Causes of Action are directed to OSLA only and are not addressed by Nelnet in this Brief.

1

Indeed, the Complaint is replete with unsupported conclusions and generalities about data privacy and security that have nothing to do with Plaintiffs or the facts of this case, as well as misstatements regarding Nelnet and its relationship to the Plaintiffs and putative class. Plaintiffs' failure to plead sufficient facts supporting any of the causes of action they assert mandates that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    RELEVANT FACTUAL ALLEGATIONS[2]

According to the First Amended Class Action Complaint, Plaintiff Kathleen Carr is a resident of New Jersey, Plaintiff Keegan Killory is a resident of Massachusetts, and Plaintiff Kelsie Powell is a resident of Indiana. First Amended Class Action Complaint (the "Complaint" or "Compl."), ECF. No. 22 at ¶¶ 17-19. Nelnet, which has its principal place of business in Nebraska, is a student loan servicing company. *See* Compl. at ¶ 16. In addition to servicing student loan borrowers, Nelnet also contracts with other entities to provide an online portal and loan servicing system for other entities to interact with those entities' student loan borrowers. *Id*. at ¶¶ 3, 16.

On or about July 21, 2022, Nelnet identified a potential vulnerability on the Nelnet web portal that OSLA utilized as its online interface to service student loans. Compl. at ¶¶ 1, 5. Nelnet thereafter took steps to alert OSLA to this potential vulnerability and implement additional safeguards to that online platform. *Id.* at ¶ 5; Exhibit 1. In August of 2022, notice of this Data Security Incident was provided to all potentially affected

---

[2] For purposes of this Motion only, the allegations of the Complaint are read in the light most favorable to the Plaintiff and treated as true, without admission by the Defendant.

individuals. *Id*. at ¶ 7; Exhibit 1. The PII at issue in the Data Security Incident included putative class members' name, address, email address, phone number and Social Security numbers. *Id*. at ¶ 1, Exhibit 1.

After filing this action on January 3, 2023, Plaintiffs filed the operative First Amended Complaint on April 17, 2023, where they seek to represent a nationwide class composed of "[a]ll persons residing in the United States who received a Notice Letter from OSLA and had their PII compromised by an unknown third-party cybercriminal as a result of the Data Breach that occurred in or around June 2022 through July 2022." *Id.* at ¶ 172.

## III.   ARGUMENT

### A.  Plaintiffs Has Failed to State a Claim Upon Which Relief Can Be Based.

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To state a plausible claim, the Plaintiff has the burden to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Arnold ex rel. Chesapeake Energy Corp. v. McClendon*, No. 11-986, 2012 WL 4483159, at *2 (W.D. Okla. Sept. 28, 2012) (internal citations and quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "Thus, plaintiffs must allege sufficient facts to 'nudge[ ] their claims across the line from conceivable to plausible.'" *Arnold*, 2012 WL 4483159, at *2 (quoting *Twombly*, 550 U.S. at 570).

In attempting to represent a nationwide class of individuals affected by the Data Security Incident, Plaintiffs fail to satisfy these applicable pleading standards as their

3

Complaint lacks the necessary factual detail to support any of the causes of action asserted therein.

### 1.  Plaintiffs Have Failed to State a Claim for Negligence.

"The elements of a negligence claim are essentially the same under the law of Oklahoma (where OSLA is located), Nebraska (where Nelnet is headquartered), and New Jersey, Massachusetts, and Indiana (where the Plaintiffs reside).[3] In order to state a claim for negligence, a Plaintiff must allege: (1) the existence of a duty owed by Defendant to Plaintiff to use ordinary care; (2) the breach of that duty; and (3) an injury proximately caused by the breach. *Alexander v. Smith & Nephew, P.L.C.*, 98 F. Supp. 2d 1299, 1307-08 (N.D. Okla. 2000); *Latzel v. Bartek*, 846 N.W.2d 153, 162 (Neb. 2014); *Fernandes v. DAR Dev. Corp.*, 119 A.3d 878, 885-86 (N.J. 2015); *Santos v. U.S. Bank Nat'l* Ass'n, 54 N.E.3d 548, 558 (Mass App. Ct. 2016) (citing *Delaney v. Reynolds*, 825 N.E. 554, 556 (Mass App. Ct. 2005)); *Brennan v. Hall*, 904 N.E.2d 383, 386 (Ind. Ct. App. 2009).

---

[3]"Oklahoma uses the 'most significant relationship' test to determine governing law in tort cases." *Springdale OK Spe LLC v. Wehner Multifamily LLC*, No. CIV-21-00543-PRW, 2022 WL 264553, at *2, FN 8 (W.D. Okla. Jan. 27, 2022). "The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue [when deciding choice of law] shall include: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties occurred." *Brickner v. Gooden*, 525 P.2d 632, 635 (Okla. 1974). As a choice of law analysis is fact intensive, it is premature at the pleading stage. Accordingly, in this Brief Nelnet will analyze the tort claims under the laws of Oklahoma, Nebraska, New Jersey, Massachusetts and Indiana.

A number of courts have held that the common law alone has not provided for the duty to safeguard or protect personal information. *See Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 816 (7th Cir. 2018) (relying on Illinois state court opinion in *Cooney v. Chicago Pub. Sch.*, 943 N.E.2d 23, 28 (Ill. App. 2010), in holding that common law negligence does not impose duty to safeguard information); *see also Alleruzzo v. SuperValu, Inc.* (*SuperValu II*), 925 F.3d 955, 963 (8th Cir. 2019) (same). The Tenth Circuit has not yet addressed whether a defendant, under a traditional negligence theory, has a common law duty to safeguard personal information.

Here, Plaintiffs allege that they did not directly provide their personal information to Nelnet; rather, they admit in the first paragraph of their Complaint that "OSLA was responsible for collecting, maintaining, protecting, securing, and safeguarding" Plaintiffs' PII. Compl. At ¶ 1. Plaintiffs further allege that:

> OSLA became directly responsible for ensuring that OSLA, or any party hired by OSLA, provided, and maintained adequate data security practices, procedures, protocols, and infrastructure. OSLA also became directly responsible for ensuring Plaintiffs' and Class Members' PII was protected and stored where unauthorized third parties could not gain unauthorized access.

*Id*. at ¶ 2.  Plaintiffs also admit that they had no relationship with Nelnet, as their loans were serviced by OSLA, not Nelnet. *See id*. ¶ 28. Given that Plaintiffs did not provide their information to Nelnet, this Court should hold that there is no common law duty for Nelnet to protect the PII at issue. Accordingly, Plaintiffs' First Cause of Action should be dismissed.

### 2.  Plaintiffs Have Failed to State a Claim for Negligence *Per Se*.

Plaintiffs allege two grounds for their negligence *per se* cause of action: (1) a violation of Section 5 of the Federal Trade Commission Act and (2) violation of Okla. Stat. Ann. Tit. 62, § 34.12 (West 2022)—Information Security Policy, Procedures and Guidelines adopted by the state of Oklahoma ("InfoSecPPG")—neither of which can support this claim.

*First*, under the laws of Massachusetts, Nebraska and New Jersey, Plaintiffs cannot sufficiently plead a claim for negligence *per se* based on a violation of either the FTC Act or InfoSecPPG because negligence *per se* is not a recognized cause of action. *See Berish v. Bornstein*, 770 N.E.2d 961, 978 (Mass. 2002); *Clark Bilt, Inc. v. Wells Dairy Co.*, 261 N.W.2d 772, 775 (Neb. 1978) (citing *Krehnke v. Farmers Union Co-op. Assn.*, 260 N.W.2d 601 (Neb. 1977)) ("the violation of a statute is not negligence *per se*, but only evidence of negligence."); *Labega v. Joshi*, 270 A.3d 378, 390 (N.J. App. Div. 2022) ("violation of a statute is only evidence of negligence, and only if the statutory violation was 'causally related to the happening of the accident'") (quoting *Mattero v. Silverman*, 176 A.2d 270, 275 (N.J. App. Div. 1961)).

*Second,* even in Oklahoma and Indiana where violating a statute or regulation may be considered negligence *per se,* this can only occur when a plaintiff demonstrates (1) the injury was caused by the violation, (2) the injured party was part of the class the statute was intended to protect, and (3) the statute protects against the type of harm that occurred as a result of the violation. *See Chartney v. City of Choctaw*, 441 P.3d 173, 176 (Okla. Civ.

App. 2019); *Troth v. Warfield*, 495 F. Supp. 3d 729, 736 (N.D. Ind. 2020) (quoting *Stachowski v. Estate of Radman*, 95 N.E.3d 542, 543 (Ind. Ct. App. 2018)).

### a. An Alleged Violation of the FTC Act Does not Constitute Negligence *Per Se*.

Many federal courts have held that FTC Act does not provide a private right of action. *See*, *e.g., SuperValu II*, 925 F.3d at 963-64; *Drake v. Sometime Spouse, LLC*, 784 App'x 602, 604 (10th Cir. 2019) (holding there is no private right of action under the FTC Act); *In re: Sonic Corp. Customer Data Sec. Breach Litig*., No. 1:17-md-2807, 2020 U.S. Dist. LEXIS 114891, at *13-15 (N.D. Ohio July 1, 2020); *In re: Brinker Data Incident Litig.*, No. 3:18-cv-686, 2020 U.S. Dist. LEXIS 247918, at *27-30 (M.D. Fla. Jan. 27, 2020); *SELCO Cmty. Credit Union v. Noodles & Co*., 267 F. Supp. 3d 1288, 1297 & n.4 (D. Colo. 2017); *In re: TJX Companies, Retail Sec. Breach Litig.*, 524 F. Supp. 2d 83, 91 (D. Mass. 2007) (negligence *per se* is not its own cause of action), *aff'd in part*, 564 F.3d 489 (1st Cir. 2009), *as amended on reh'g in part* (May 5, 2009). Accordingly, in the data breach context, courts have consistently rejected negligence *per se* claims premised on this theory. *See In re: Netgain Tech., LLC*, No. 21-CV-1210 (SRN/LIB), 2022 WL 1810606, at *16 (D. Minn. June 2, 2022) (dismissing negligence *per se* cause of action because the FTC does not grant a private right of action and finding no precedent in California, Minnesota, Nevada, South Carolina, or Wisconsin that would permit state law negligence *per se* claims to proceed under theory of violation of Section 5 of FTC Act); *Toretto v. Donnelley Financial Solutions, Inc.*, 583 F. Supp. 3d 570, 598-99 (S.D. N.Y. 2022) (finding Section 5 of the FTC Act does not provide for a private right of action and

disallowed a claim for negligence *per se* to proceed under Illinois law); *Levy-Tatum v. Navient Sols., Inc*., 183 F. Supp. 3d 701, 707 (E.D. Pa. 2016) (internal citation omitted) ("the absence of a private right of action in a statutory scheme is an indicator that the statute did not contemplate private enforcement").[4]

### b. An Alleged Violation of InfoSecPGG Cannot Constitute Negligence *Per Se.*

With respect to the Oklahoma State regulations referred to in Plaintiffs' Complaint as "InfoSecPPG," Defendant is unaware of any statute or case law in Oklahoma recognizing a private right of action or permitting a negligence *per se* claim to proceed based on alleged violations of these regulations. Indeed, neither InfoSecPPG nor the statute giving the Oklahoma Office of Management and Enterprise Services the authority to promulgate regulations provide for a private cause of action. *See* § 34.12; State of Oklahoma, OMES ISD, "Information Security Policies, Procedures, Guidelines," Version 1.5, Rev. Dec. 2017.[5, 6] InfoSecPPG was intended to provide consistent guidelines and

---

[4] *See also In re Sonic Corp. Customer Data Sec. Breach Litig*, 2020 U.S. Dist. LEXIS 114891, at *13-15; *In re Brinker Data Incident Litig.*, 2020 U.S. Dist. LEXIS 247918, at *27-; *SELCO Cmty. Credit Union v. Noodles & Co*., 267 F. Supp. 3d at 1297 & n.4 (finding that Plaintiffs failed to state a claim of negligence per se under Colorado law); *In re Capital One Consumer Data Security Breach Litigation*, 488 F. Supp. 3d 374, 408 (E.D. Va. 2020) ("To date, no Virginia court has held that a state negligence per se claim can be based on either the FTC Act or GBLA . . . the Court concludes that the Supreme Court of Virginia would not recognize such a claim.").

[5] Available at https://oklahoma.gov/content/dam/ok/en/omes/documents/InfoSecPPG.pdf (last accessed May 12, 2023).

[6] Although not plead as a basis for a negligence *per se* claim in this action, Oklahoma's Security Breach Notification Act also does not provide for a private right of action. *See*

procedures among Oklahoma state agencies. *See* § 34.12(2) and (4). If the legislature had intended this statute or accompanying regulations to provide private individuals with a civil cause of action, they would have expressly done so. The lack of a private right of action should lead this Court to hold that InfoSecPPG cannot constitute the basis of Plaintiffs' negligence *per se* cause of action.

Accordingly, Plaintiffs' Second Cause of Action for negligence *per se* should be dismissed.

### 3. Plaintiffs Have Failed to State a Claim for Breach of Third-Party Beneficiary Contract.

*First,* in order to bring a claim for breach of express contract a party must establish the existence of that contract and its terms. *See Jones v. Univ. of Cent. Oklahoma,* 910 P.2d 987, 989 (Okla. 1995); *Entergy Arkansas, Inc. v. Nebraska*, 226 F. Supp. 2d 1174, 1180 (D. Neb. 2002); *Gomez v. PDS Tech, Inc.*, No. 17-12351, 2018 WL 1871461, at *3 (D.N.J. April 19, 2018); *Markel Service Ins. Agency, Inc. v. Tifco, Inc.*, 530 N.E.2d 340, 342 (Mass. 1988); *Kleven v. St. Joseph Cnty.*, 616 F. Supp. 3d 836, 840 (N.D. Ind. 2022). Here, the Complaint contains a single conclusory sentence referencing a "contract entered into before the Data Breach to provide technology services from Nelnet to OSLA." Compl. ¶ 193. Because this allegation is pure conjecture, Plaintiffs offer no further details or specificity regarding the terms of any such alleged contract.

---

Okla. Stat. Ann. tit. 24, § 165(A) and (B) (West 2008) (stating "the Attorney General or a district attorney shall have exclusive authority to bring action" and "a violation of this act . . . shall be enforceable exclusively by the primary state regulator of the financial institution).

*Second,* to establish that they were third-party beneficiaries of a contract, Plaintiffs must establish that the contracting parties *explicitly* intended that they receive a benefit. *See Shebester v. Triple Crown Insurers*, 974 F.2d 135, 138 (10th Cir. 1992) (noting that "the determining factor [to establish third-party beneficiary status] is the parties' intent"); *Palmer v. Lakeside Wellness Ctr.*, 798 N.W.2d 845, 850 (Neb. 2011) (refusing to find that party was a third-party beneficiary when there was no evidence that party was mentioned in the contract, nor that the party was intended to be a third-party beneficiary); *Jama v. U.S. I.N.S.,* 334 F. Supp. 2d 662, 686 (D.N.J. 2004) ("The contractual intent to recognize a right to performance in the third person is the key. If that intent does not exist, then the third person is only an incidental beneficiary, having no contractual standing.") *(quoting Broadway Maintenance Corp. v. Rutgers, State University*, 447 A.2d 906, 909 (N.J. 1982)); *Brison v. Wellpath, LLC*, No. 1:21-CV-12016-AK, 2023 WL 2495729, at *5 (D. Mass. Mar. 14, 2023) (the "parties" intent determines whether a third party is an intended beneficiary) (citing *Markel Service Ins. Agency, Inc. v. Tifco, Inc.*, 530 N.E.2d 340, 342 (Mass. 1988)); *OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314–15 (Ind. 1996) (the intent of the parties "must affirmatively appear from the language of the instrument when properly interpreted and construed." (citations removed)).

Assumptions regarding whether a third party was intended to receive a benefit are insufficient, as "the benefit cannot be enforced if it has to be implied from the terms of the contract or results incidentally from its performance." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1230 (10th Cir. 2012) (quoting *Oil Cap. Racing Ass'n, Inc. v. Tulsa Speedway, Inc.*, 628 P.2d 1176, 1179 (Okla. Civ. App. 1981)); *see also Equestrian Ridge Homeowners*

*Ass'n v. Equestrian Ridge Ests. II Homeowners Ass'n*, 953 N.W.2d 16, 29 (Neb. 2021) ("the third party's rights must appear by express stipulation or it must appear by reasonable intendment that the rights and interest of such unnamed parties were contemplated and that provision was being made for them"); *Ross v. Lowitz*, 120 A.3d 178, 190 (N.J. 2015) (there must recognition of right to performance in the contract on behalf of a third party, otherwise there is no contractual standing); *Bird v. Valley Acre Farms, Inc.*, 177 N.E.3d 459, 467 (Ind. Ct. App. 2021) ("intent of the contracting parties to bestow rights upon a third party must affirmatively appear from the language of the instrument when properly interpreted and construed"); *Arco Ingenieros, S.A. de C.V. v. CDM Int'l Inc.*, 368 F. Supp. 3d 256, 260 (D. Mass. 2019) (the language of the contract must be clearly and definite to find a third party was the intended beneficiary).

Here, Plaintiffs allege nothing more than bare conclusions that Nelnet and OSLA intended that Plaintiffs and other proposed class members were supposed beneficiaries of any contract, merely because Plaintiffs' PII was present on the web portal at issue. Compl. at ¶¶ 194-196. Plaintiffs' assumption cannot support this claim — especially given the fact that Plaintiffs provided their PII to OSLA, not Nelnet. Compl. ¶ 2 ("OSLA. . . required Plaintiffs and Class Members to provide it with their PII in order to receive student loan servicing and other student loan related services."). Indeed, in the data breach context, courts have dismissed breach of contract claims *even when* some privity between Plaintiffs and the Defendant existed—which it does not in this case. *See*, *e.g. Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010) (dismissing implied contract claim because factual allegations failed to demonstrate a meeting of the minds of any specific offer to

11

encrypt or otherwise safeguard plaintiffs' personal data); *Frezza v. Google Inc.*, No. 12-CV-00237-RMW, 2012 WL 5877587, at *4 (N.D. Cal. Nov. 20, 2012) (dismissing implied contract claim and explaining that "even if an implied contract does indeed exist, plaintiffs must sufficiently plead that Google agreed to and then breached a specific obligation").

Plaintiffs' Complaint lacks sufficient factual allegations supporting the existence of an enforceable Third-Party Beneficiary contract between Plaintiffs and Nelnet, requiring dismissal of Plaintiffs' Fifth Cause of Action.

### 4.  Plaintiffs Are Not Entitled to Declaratory or Injunctive Relief.

Plaintiffs do not provide a statutory basis on which this cause of action resides. Under both federal and Oklahoma law, however, Plaintiffs are not entitled to this relief.

The federal Declaratory Judgment Act allows a court, in the case of an actual controversy, to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. To state a claim for relief under the Declaratory Judgment Act, a plaintiff must adequately allege a dispute that is: (1) "definite and concrete, touching the legal relations of parties having adverse legal interests"; (2) "real and substantial"; and (3) "admit[ting] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The Act creates a remedy; it does not create a cause of action. *Kraft v. Off. of the Comptroller of Currency*, No. 4:20-CV-04111-RAL, 2021 WL 1251393, at *9 (D.S.D. Apr. 5, 2021). Here, Plaintiffs have not identified an impending future harm that "forward-looking" injunctive relief could remedy. The requested

injunctive relief all relates to improvements to Nelnet's current data security, which would have no impact on the Data Security Incident that already occurred.

Correspondingly, to the extent Plaintiffs would rely on 12 O.S. § 1651 the Oklahoma declaratory judgment statute (the "ODJ Statute") also requires, "an actual, existing justiciable controversy between parties . . . as distinguished from a possible, potential or contingent dispute." *Bristow First Assembly of God v. BP p.l.c.*, 210 F. Supp. 3d 1284, 1290 (N.D. Okla. 2016). *See, e.g., Tulsa Indus. Auth. v. City of Tulsa*, 270 P.3d 113, 120 (Okla. 2011) (denying Plaintiffs' request for declaratory relief based on antagonistic demands that were only theoretical as a request for a prohibited advisory opinion). Further, Section 1651 of the ODJ Statute explicitly precludes issuance of a declaratory judgment for liability for "damages on account of alleged tortious injuries." *See Bristow First Assembly of God*, 210 F. Supp. 3d at 1290. Because Plaintiffs seek only forward-looking changes that could not affect the past Data Security Incident, they do not seek relief related to a current justiciable controversy between the Parties. Further, Plaintiffs are expressly prohibited from seeking this relief based on their tort allegations.

For these reasons, Plaintiffs' Sixth Cause of Action for declaratory and injunctive relief should be dismissed.

### 5. Plaintiffs Have Failed to State a Claim for Invasion of Privacy.

### a. Plaintiffs Have Not Established Intrusion Upon Seclusion.

Oklahoma, Nebraska and New Jersey all require the same elements to establish the tort of invasion of privacy by intrusion upon a person's seclusion: (1) a purposeful intrusion that (2) is highly offensive to another person. *See Gilmore v. Enogex, Inc.*, 878 P.2d 360,

366 (Okla. 1994) (breach of privacy requires a nonconsensual intrusion); *Whipps Land &*

*Cattle Co. v. Level 3 Commc'ns, LLC*, 658 N.W.2d 258, 269 (Neb. 2003) (the invasion of

privacy consists "solely of an intentional interference with [the Plaintiffs'] interest in

solitude or seclusion"); *Kinsella v. Welch*, 827 A.2d 325, 332 (N.J. Super. 2003) (requiring

an intentional intrusion). Similarly, while Massachusetts does not recognize a common law

cause of action for intrusion upon seclusion, it has developed a statutory cause of action

that provides for a statutory right to privacy. As with the common law standard,

Massachusetts requires a plaintiff bringing a privacy claim to show the commission of an

intentional act as well as the dissemination of private facts. *See* M.G.L. c. 214, § 1B;

*Branyan v. Southwest Airlines Co.*, 105 F. Supp. 3d 120, 126 (D. Mass 2015). Indiana not

only requires intent, but specifically requires, "intrusion into the plaintiff's private

"physical" space. *Curry v. Whitaker*, 943 N.E.2d 354, 358 (Ind. Ct. App. 2011). "There

have been no cases in Indiana in which a claim of intrusion was proven without physical

contact or invasion of the plaintiff's physical space such as the plaintiff's home." *Id*.

Courts in this Circuit and across the country have held, nearly universally, that

invasion of privacy claims should be dismissed in the data breach context if a plaintiff has

not alleged that the defendant committed an intentionally intrusive act. *See*, *e.g., Salmon v.*

*CRST Expedited, Inc*., No. 14-265, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016)

(dismissing invasion of privacy claim and noting that "[e]ven if plaintiff viewed the calls

as an invasion of privacy, he must sufficiently allege that the defendant actually committed

an intrusive act"); *see also Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1221 (10th Cir. 2003)

(An intrusion occurs only when "an actor believes, or is substantially certain, that he lacks

the necessary legal or personal permission to commit the intrusive act"); *Feins v. Goldwater Bank NA*, No. CV-22-00932-PHX-JJT, 2022 WL 17552440, at *6 (D. Ariz. Dec. 9, 2022) (finding Plaintiffs' claim that defendant intentionally intruded upon Plaintiffs' private affairs where Plaintiffs alleged that Defendant failed to secure Plaintiffs' PII from hackers insufficient to support claim for invasion of privacy); *Reetz v. Advocate Aurora Health, Inc.*, 983 N.W. 669, 681 (Wis. Ct. App. 2022) (granting motion to dismiss invasion of privacy claim finding Plaintiffs' allegations of defendant's failure to prevent cyberattack were conclusory and lacking any proof that defendant acted intentionally).

Here, the Complaint does not establish facts demonstrating any intentional conduct by Nelnet, and certainly not an intentional intrusion into any of the Plaintiffs' physical spaces. Any alleged intrusion was perpetrated by an unauthorized third-party, a cybercriminal, as Plaintiffs acknowledge throughout their complaint. *See* Compl. at ¶¶ 1, 35, 40, 75, 79. Plaintiffs have only pled facts asserting that Nelnet's alleged negligence allowed an unknown third party to access Plaintiffs' PII. The Complaint does not allege facts demonstrating how Nelnet intentionally allowed a third party to access such information, and conclusory uses of the word "intent" within the cause of action are insufficient to establish this claim—especially when undermined by the actual facts Plaintiffs pled in the Complaint.

### b.  Plaintiffs Have Not Established Unreasonable Publicity

A prerequisite to an invasion of privacy claim based on unreasonable publicity is the existence of some *actual publicity*. *See Schoneweis v. Dando,* 435 N.W.2d 666, 670 (Neb. 1989) ("the gravamen of the conduct made actionable by the foregoing statute is the

giving of publicity"); *Castro v. NYT Television,* , 895 A.2d 1173, 1178 (N.J. App. Div. 2006) ("Publicity," as . . . used in this Section . . . means that the matter is made public[ ] by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge."); *Ayash v. Dana-Farber Cancer Ins*t., 822 N.E.2d 667, 682 (Mass. 2005) (requiring the spreading of intimate details before "the public gaze" in an action for unreasonable publicity); *Hadnot v. Shaw*, 826 P.2d 978, 986 (Okla. 1992) (adopting the Restatement Second definition of "publicity" as "a matter . . . communicat[ed] . . . to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge."); *Cmty. Health Network, Inc. v. McKenzie*, 185 N.E.3d 368, 382 (Ind. 2022) (same).

Here, Plaintiffs' allegation that Plaintiffs' "PII is now publicly available to the public at large on the dark web," Compl. ¶ 225, is an impermissible conclusion unsupported by any other factual allegations. *See also* Compl. ¶¶ 118, 132, 222 (general conclusory allegations about PII on the dark web). The Complaint lists no specific details as to what, when, where or how any such alleged publication occurred or was discovered on the dark web; such factual support is necessary to establish a public dissemination of information required for this claim to survive.

As Plaintiffs have failed to sufficiently plead facts demonstrating an invasion of privacy via intrusion upon seclusion or unreasonable publicity, Plaintiffs' Eighth Cause of Action should be dismissed.

## IV.    CONCLUSION

For all the foregoing reasons, and because Plaintiffs were already afforded an opportunity to cure the pleading deficiencies which persist, Defendant Nelnet Servicing, LLC respectfully requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,


*/s/ Brian D. Blackstock*
Kyle Sweet, OBA # 17711
Brian D. Blackstock, OBA # 31943
**SWEET DEWBERRY HUBBARD**
24 West Park Place
Oklahoma City, OK 73103
kyle@sdh.law
brian@sdh.law

Claudia D. McCarron (*pro hac vice*)
Justin M. Holmes (*pro hac vice*)
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
cmccarron@mullen.law
jholmes@mullen.law

*Counsel for Defendant, Nelnet Servicing, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2023, a copy of this Motion and accompanying Brief in support was filed electronically with the United States District Court for the District of Western Oklahoma and served on all counsel of record through the CM/ECF system.

*/s/ Brian D. Blackstock*
Brian D. Blackstock
