IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KATHLEEN CARR, KEEGAN KILLORY, )
AND KELSIE POWELL, individually and on )
Behalf of all similarly situated persons, )
)
                Plaintiff, )
)
vs. )   Case No.: 5:23-cv-00099
)
(1) **OKLAHOMA STUDENT LOAN** )   Judge: Hon. David L. Russell
**AUTHORITY**; and )
(2) **NELNET SERVICING, LLC**, )
)
                Defendants. )

**PLAINTIFFS' MOTION TO STRIKE INSUFFICIENT AFFIRMATIVE
DEFENSES AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

    Plaintiffs Kathleen Carr, Keegan Killory, and Kelsie Powell (collectively, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(f), move the Court to strike the insufficient affirmative defenses averred by Defendants Nelnet Servicing, Inc. ("Nelnet") and the Oklahoma Student Loan Authority ("OSLA") (collectively, "Defendants"). Defendants' affirmative defenses are either not affirmative defenses at all or are boilerplate, conclusory statements that do not give Plaintiffs fair notice as required by Federal Rule of Civil Procedure 8. Accordingly, Defendants' affirmative defenses should be stricken by the Court.

    **I.   INTRODUCTION**

    Defendants collectively assert fifty (50) affirmative defenses that only seek to waste the time of the Court and Plaintiffs. Nearly all of Defendants' affirmative defenses are

denials labeled as affirmative defenses. The remaining affirmative defenses give Plaintiffs no indication as to how they are applicable to the claims alleged in the Complaint or are legally inapposite. Defendants have stalled this litigation at every turn, including failing to timely file their Answers and by refusing to participate in discovery (or a Rule 26(f) conference). Defendants' laundry lists of affirmative defenses are their latest installment in the saga. It is imperative for this unnecessary clutter to be removed from the case to focus and expedite discovery and prosecution of the case. As such, the Court should strike each and every one of Defendants' insufficient affirmative defenses, for the reasons set forth below.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent or scandalous matter." "While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court." *Burget v. Cap. W. Sec., Inc.*, No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009) (citing *Scherer v. United States Dep't of Educ.,* 78 Fed. Appx. 687, 689 (10th Cir.2003)). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Lofton v. FTS Int'l Mfg., LLC*, No. CIV-17-242, 2017 WL 3741982, at *5 (W.D. Okla. Aug. 30, 2017) (internal quotation marks and citation omitted); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009) ("Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.").

## III. ARGUMENT AND AUTHORITIES

### A. ALL OF DEFENDANTS' AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.

#### 1. Affirmative Defenses that Only Seek to Deny Elements of Plaintiffs' Claims Should be Stricken Because they are Not Affirmative Defenses.[1]

As this Court previously held, "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true. In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *United Built Homes, L.L.C. v. Middleton*, No. CIV-20-722-J, 2020 WL 8339212, at *3 (W.D. Okla. Nov. 3, 2020); *Lofton*, 2017 WL 3741982, at *6. Affirmative defenses that only deny elements of a plaintiff's claim "are legally insufficient as affirmative defenses and should be stricken as a defense and converted to a denial." *Bruna v. Gates*, No. 20-CV-00628-GKF-CDL, 2021 WL 6048913, at *2 (N.D. Okla. Mar. 30, 2021).

The vast majority of Defendants' affirmative defenses constitute nothing more than denials of allegations in Plaintiffs' Complaint and should be stricken by the Court as legally insufficient affirmative defenses and converted to denials. For instance, the first affirmative defense asserted by each Defendant—Plaintiffs fail to state a claim—is a general denial of every allegation comprising Plaintiffs' Complaint. This "affirmative defense" does not

---

[1] The affirmative defenses that correspond with this proposition are OSLA Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15 and Nelnet Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 31.

plead matters extraneous to Plaintiffs' prima facie case and is only a denial masked as an affirmative defense.

Similarly, the remaining "affirmative defenses" identified in footnote one (1) fail because they only deny specific elements of Plaintiffs' claims. For example:

- OSLA Nos. 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, and Nelnet Nos. 7, 8, 9, 10, 12, 13, 14, 15, 16, 24, 25 all seek to deny elements of Plaintiffs' claims for negligence, negligence *per se*, and/or negligent training, hiring, and supervision.

- Nelnet Nos. 3, 4, 6, 11 all seek to deny plaintiffs suffered damages, an element of all of Plaintiffs' claims.

- Nelnet Nos. 17, 18, 19, 31 all seek to deny elements of Plaintiffs' breach of third-party beneficiary claim.

- Nelnet Nos. 20, 21, 22, 23 all seek to deny the elements of class certification.

- OSLA No. 15 and Nelnet Nos. 2, 5 all seek to deny elements of Plaintiffs' Article III Standing.

As evidenced by the analysis above, the affirmative defenses identified in footnote one (1) do not plead matters extraneous to the Complaint, but only *deny* allegations in Plaintiffs' Complaint. In other words, Defendants' affirmative defenses are not affirmative defenses at all—they are *denials* labeled as affirmative defenses. Because of this, they are legally insufficient. "Where a so-called 'affirmative defense' does nothing more than rebut a plaintiff's claims directly, the defense should be stricken."). *Lofton*, 2017 WL 3741982, at *6. Accordingly, the Court is well within its authority to strike the affirmative defenses referenced in footnote one (1) and convert them to denials.

4

## 2. Affirmative Defenses that Do Not Give Plaintiffs Fair Notice Should be Stricken Because they Do Not Satisfy the Pleading Standard. [2]

The next batch of affirmative defenses Defendants assert, as referenced in footnote two (2), give Plaintiffs no context as to how they are applicable to any of Plaintiffs' claims and should be stricken for failure to comply with the requisite pleading standard set forth under Federal Rule of Civil Procedure 8.

"[A]ffirmative defenses ... are subject to the pleading requirements of Rule 8 ... and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)..." *Bell v. Am.'s Powersports, Inc.*, No. CIV-20-121-R, 2020 WL 2201421, at *2 (W.D. Okla. May 6, 2020) (quoting *Gibson v. Officemax, Inc.*, No. CIV–08–1289–R, slip op. at 2 (W.D. Okla. Jan. 30, 2009) (unpublished)); *Smith v. Mustang, Indep. Sch. Dist. No. I-69*, No. CIV-11-1146-M, 2012 WL 10848, at *2 (W.D. Okla. Jan. 3, 2012) ("While the Tenth Circuit has not ruled on whether *Twombly* and *Iqbal* apply to pleading affirmative defenses, this Court has ruled that they do apply."). Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." None of the affirmative defenses referenced in footnote two (2) meet this standard.

The affirmative defenses at issue are boilerplate, conclusory statements that fail to provide adequate notice under Federal Rule of Civil Procedure 8. These affirmative defenses include:

---

[2] The affirmative defenses that correspond with this proposition are OSLA Nos. 2, 11; Nelnet No. 26, 27, 28, 29, 30, 32, 33.

- OSLA No. 2: "Plaintiffs' claims are barred to the extent that they failed to mitigate any alleged damages." However, OSLA provides no context as to how Plaintiffs failed to mitigate their damages.

- OSLA No. 11: "Plaintiffs' claims are barred by the doctrines of waiver and estoppel by virtue of their actions and inactions." OSLA provides no context as to how these doctrines are applicable to the claims asserted in the Complaint.

- Nelnet No. 26: "Plaintiff and the putative class members failed to mitigate the losses and damages complained of, if there were any." Nelnet gives no context as to how Plaintiffs failed to mitigate their losses and damages.

- Nelnet No. 27: "Plaintiff has failed to join one or more indispensable party." Nelnet does not indicate who the indispensable party is.

- Nelnet No. 28: "Plaintiff's claims are barred by the statute of limitations." There is no context as to which causes of action this affirmative defense applies to.

- Nelnet No. 29: "Plaintiffs' claims are barred by the defense of waiver." Nelnet provides no supporting facts delineating how this doctrine is applicable to Plaintiffs' claims.

- Nelnet No. 30: "Plaintiffs' claims are barred by release." Nelnet provides no supporting facts delineating how this doctrine is applicable.

- Nelnet No. 31: "Plaintiffs' claims are barred by lack of mutual consent." Quite frankly, Plaintiffs are unsure what claim this applies to. Mutual consent is not an element of any of Plaintiff's claims to Plaintiffs' claims.

- Nelnet No. 33: "Plaintiff's claim against Nelnet for punitive damages should be dismissed because an award of punitive damages would violate Nelnet's Due Process rights and other rights as guaranteed by the United States Constitution." It is unclear how Nelnet's Due Process rights would be violated by an award of punitive damages without further explanation.

Summarily, "the possible relationship or connection of these defenses to the claims asserted in this case is not obvious or inferable from the pleadings, and there is [] sufficient prejudice to Plaintiff[s] from being required to spend time and effort searching for their

potential applicability that they should be stricken." *Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *3 (W.D. Okla. Feb. 5, 2018); *see also Bruna*, 2021 WL 6048913, at *3 ("Other district courts in this state have stricken affirmative defenses asserted as "ratification, waiver, estoppel, and laches," reasoning that the listing of those terms, without any accompanying explanation, leaves the applicability thereof to the claims unclear." (cleaned up)). It would be both costly and time consuming for Plaintiffs to parse through Defendants' affirmative defenses to try to determine how they are applicable and how Defendants will apply them going forward. It is important to determine the applicability of these affirmative defenses now so that Plaintiffs may narrowly tailor discovery requests to avoid wasting the time and resources of both parties on a wild goose chase.

### 3. OSLA's Affirmative Defense that Asserts Statutory Immunity Should be Stricken Because it was Explicitly Waived.

OSLA's affirmative defense number 16 should be stricken because this Court already found OSLA waived immunity. In the Court's Order entered June 16, 2023 (ECF No. 41) this Court unequivocally stated in footnote one, "[b]y voluntarily consenting to removal, OSLA invoked this Court's jurisdiction and waived immunity." Therefore, OSLA cannot now assert, in good faith or otherwise, Plaintiffs' "action is barred in whole or in part on the basis of statutory immunity." (OSLA No. 16). As such, it is legally inapposite and must be stricken. *See Bors v. Oklahoma ex rel. Bd. of Regents for Reg'l Univ. Sys. of Oklahoma*, No. CIV-18-1235-R, 2019 WL 1177984, at *2 (W.D. Okla. Mar. 13, 2019) (striking the defendant's immunity defenses where they were "legally inapposite.").

7

### 4. A Reservation of Rights is Not an Affirmative Defense and Must be Stricken.

Lastly, this Court has repeatedly recognized that "reliance upon an unconditional reservation of right to amend to assert other defenses is not an appropriate affirmative defense." *Birabent v. Hudiburg Auto Grp., Inc.*, No. CIV-11-1189-M, 2012 WL 1438921, at *3 (W.D. Okla. Apr. 25, 2012). Rather, a "[d]efendant's ability to later add defenses through amendment of a pleading is governed by [Federal] Rule [of Civil Procedure] 15, not by a reservation of rights." *Holt v. Roy Blackwell Enterprises, Inc.*, No. CV-15-326-D, 2016 WL 319894, at *2 (W.D. Okla. Jan. 26, 2016); *United Built Homes, LLC*, 2020 WL 8339212, at *3 (quoting *Lofton*, 2017 WL 3741982, at *6) (same). Here, Defendants each claim an impermissible reservation of rights in the last paragraph of each of their answers. Considering this court's prior decisions, the Court should strike the last paragraph of each of Defendants' Answers with prejudice.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court strike all of Defendants' affirmative defenses to facilitate the expedient resolution of this matter. This will save the Parties untold hours in discovery.

Date: December 4, 2023                           Respectfully Submitted,

                                                 */s/ William B. Federman*
                                                 William B. Federman, OBA #2853
                                                 Kennedy M. Brian, OBA #34617
                                                 **FEDERMAN & SHERWOOD**
                                                 10205 N. Pennsylvania
                                                 Oklahoma City, OK 73120
                                                 Telephone: (405) 235-1560
                                                 Facsimile: (405) 239-2112
                                                 wbf@federmanlaw.com
                                                 kpb@federmanlaw.com
                                                 *Attorney for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on December 4, 2023 with a copy of this document via the Court's CM/ECF system.

                                                 */s/ William B. Federman*
                                                 William B. Federman