IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN CARR, KEEGAN KILLORY, and KELSIE POWELL, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>OKLAHOMA STUDENT LOAN AUTHORITY; and NELNET SERVICING, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. CIV-23-99-R<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court are Plaintiffs' Motion to Compel Depositions and Request for Sanctions [Doc. 123] and Defendant Oklahoma Student Loan Authority's associated Motion to Modify the Protective Order to Continue Depositions [Doc. 133]. Parties have fully briefed the matter [Docs. 136-38]. After consideration of the parties' submissions, the Court GRANTS Defendant's Motion and GRANTS Plaintiffs' Motion in part.

This case concerns a large scale cyberattack in 2021 that targeted Defendant Nelnet, a technology provider to servicers of student loans. However, this case is only one of two dozen cases brought against Nelnet by victims of the data breach. Twenty-three other cases filed by plaintiffs and putative class members have been consolidated in the District of Nebraska, the location of Nelnet's headquarters. *See In re: Data Security Cases Against Nelnet Servicing, LLC*, Case No: 4:22-cv-3191 (D. Neb. filed Sep. 7, 2022). The parties to the Nebraska action have reached a settlement in principle that must still be approved by the court there. Defendant Oklahoma Student Loan Authority (OSLA) notified the Court of the pending class action settlement on June 11, 2024. Subsequently, Defendants moved

to stay this case on the grounds the settlement would encompass Plaintiffs' claims. The Court granted the motion and stayed the case on July 12, 2024. Doc. 135.[1]

The current dispute focuses on alleged stonewalling throughout discovery and misconduct in the month between the Notice of Settlement and the entry of the stay. Plaintiffs allege a pattern of dilatory misconduct by both Defendant parties from the outset of discovery. Foremost among the allegations is that Defendants deliberately failed to produce deponents for properly noticed depositions before the Court stayed the case.

Plaintiffs seek to compel the depositions of four OSLA employees who did not attend their scheduled depositions prior to the Court's June 26, 2024, entry of a protective order pursuant to OSLA's motion. Doc. 120. The four deponents, in order of their scheduled deposition dates, are: Mary Anne Evans (June 13), Tonya Latham (June 19), Fernando Lopez (June 20), and Jim Farha (June 21). It does not appear that Plaintiffs wish to compel the depositions of any of Nelnet's representatives. In addition to compelling the depositions, Plaintiffs ask the Court to award them fees and costs for the failure to produce witnesses, the stalling of discovery, and the preparation of the instant Motion.

Federal Rule of Civil Procedure 37 governs the imposition of discovery sanctions. "The court . . . may, on motion, order sanctions if . . . a party . . . fails after being served with proper notice, to appear for that person's deposition[.]" FED. R. CIV. P. 37(d)(1)(A)(i). If the Court finds some form of sanctions appropriate, it "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other

---

[1] During the pendency of the Motion to Stay, the Court also granted Protective Orders in response to motions from Nelnet [Docs. 117, 128] and OSLA [Doc. 120].

circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). A court may also compel that the deposition of a witness occurs. *See Herron v. Progressive Car Fin., LLC*, No. CIV-22-638, 2023 WL 11762874 at *2 (W.D. Okla. Oct. 13, 2023) (discussing FED. R. CIV. P. 30). Courts can also apportion the parties' costs incurred in the preparation of or opposition to a motion to compel discovery. FED. R. CIV. P. 37(a)(5). If a court grants the motion in part and denies it in part, it is not obligated to award expenses to either the moving party or the party opposing the motion. *Id.*

First, the Court addresses Plaintiffs' request for an award of attorney's fees "incurred as a result of Defendants stalling discovery[.]" Doc. 123 at 14. Plaintiffs thoroughly recount the back and forth of emails between counsel and accuse both Defendants of intentionally stringing them along to allow time for the Nebraska action to settle. Defendants object to this characterization. They argue any lags in communication were incidental and not in bad faith. Additionally, they point out that Plaintiffs' initially scheduled depositions were insignificantly delayed by less than two weeks. After examining the parties' exhaustive recounting of their communications throughout discovery, the Court does not find that any party should be sanctioned for stalling discovery. Simply put, the communication lapses are not egregious enough to rise to sanctionable conduct.

Next, Plaintiffs seek sanctions against both Defendants for their alleged failure to produce witnesses for properly noticed depositions. The Court does not sanction Nelnet because it has not violated Rule 37. Plaintiffs suggest Nelnet should have sought protective orders or a stay proactively to prevent Plaintiffs from pursuing dead-end efforts to depose

3

Nelnet witnesses. They ask the Court to order Nelnet to pay reasonable attorney's fees for "stringing Plaintiffs along for weeks[.]" Doc. 138 at 6. The Court declines to do so. Nelnet did not fail to produce a single witness for a deposition. Nelnet's Motion for a Protective Order to continue the depositions of its representatives was granted on the eve of the first scheduled deposition. Doc. 124. Perhaps Nelnet's counsel could have acted with greater professional courtesy and sought a protective order upon the Notice of Settlement being filed. Without a violation of Rule 37, however, it is inappropriate for the Court to sanction Nelnet.

OSLA, on the other hand, did violate Rule 37 by failing to produce four witnesses for their scheduled depositions. In contrast to Nelnet, OSLA did not seek a protective order for its deponents until June 26, 2024, after four of its witnesses had already failed to appear at their depositions. OSLA does not dispute this fact. It admits it should have sought intervention from this Court sooner, but OSLA states it hoped to come to an agreement with Plaintiffs to continue the depositions without the Court's involvement. Doc. 136 at 11. Regardless of its good intentions, OSLA violated the Federal Rules of Civil Procedure. "Thus, under the law, Defendant is in the wrong. The question is what sanction is a just and reasonable punishment for Defendant's failure." *Batt v. Kimberly-Clark Corp.*, 438 F. Supp. 2d 1315, 1318 (N.D. Okla. 2006).

*Batt* is instructive as to how a court may consider the totality of a situation in determining appropriate sanctions.[2] In *Batt*, the court found that the plaintiff proceeded

---

[2] The Court rejects the requested sanction to compel the depositions while the case is stayed. Such a sanction would be of little benefit and impose unnecessary hardship at this stage of litigation. If necessary, Plaintiffs may seek to compel the depositions at a later date if the stay is lifted.

with a noticed deposition even after being told several times that the deponent was unable to attend. *Id.* Plaintiff's failure to avoid and mitigate unnecessary costs related to the deposition was held against him. *See id.*

Here, the situation is similar. On the same date it filed the Notice of Settlement, OSLA's counsel emailed Plaintiffs' counsel and stated unequivocally that OSLA would not be producing their upcoming deponents. Doc. 136, Ex. 9. Two days later, Plaintiffs proceeded with their first scheduled deposition—only without the deponent, Mary Anne Evans. *See* Doc. 123, Ex. 4. Counsel for OSLA appeared at the first deposition and stated on record OSLA's rationale for why the deponents would not be attending. *Id.* at 5-6. Six days later, Plaintiffs held the scheduled deposition for Tonya Latham—again, without the deponent. *See* Doc. 123, Ex. 5. OSLA's counsel did not attend the second deposition. Next, Plaintiffs continued the theatrics, with a complete cast of counsel and a court reporter, for the scheduled depositions of Fernando Lopez and Jim Farha. *See* Doc. 123, Exs. 6-7. OSLA's counsel appeared at these depositions and incorporated by reference her statement from the first deposition's transcript. Doc. 123, Ex. 6 at 2; Doc. 123, Ex. 7 at 2-3. Finally, OSLA sought and was granted a protective order continuing the depositions yet to come until the Court ruled on the Motion to Stay. Doc. 120.

The Court finds that, although OSLA violated Rule 37 by not producing its four scheduled deponents, Plaintiffs are "not entirely without blame in this matter." *Batt*, 438 F. Supp. 2d at 1318. OSLA may have been well-intentioned in trying to avoid involving the Court in this rather simplistic discovery dispute, but the fact remains that OSLA did not have unilateral power to stay the case or enter a protective order for its witnesses. Only

the Court can do so. Nevertheless, Plaintiffs' obstinance is unflattering. While Plaintiffs had the legal right to proceed with the scheduled depositions, it was unreasonable to do so, complete with all the associated stagecraft, once they were certain the star of each show would not be there. Thus, the Court finds it appropriate to sanction OSLA for the expenses and attorney's fees related to the depositions of Mary Anne Evans and Tonya Latham, but not the depositions of Fernando Lopez and Jim Farha.

No party comes out of this spat with particularly clean hands. Spite and finger-pointing seem to be the only consistent themes of the parties' recounting of the discovery process. Relatedly, the Court declines to award costs or fees to Plaintiffs for their filing of the Motion to Compel; each party should bear its own expenses for this particular dispute. FED. R. CIV. P. 37(a)(5)(C).

In sum, Plaintiffs' Motion to Compel [Doc. 123] is GRANTED in part and DENIED in part. The Motion is GRANTED with respect to sanctioning OSLA for the failure to produce witnesses at noticed depositions. OSLA is to reimburse Plaintiffs for:

- Reasonable attorney's fees for Ms. Brian attending the June 13, 2024, deposition of Mary Anne Evans;
- The cost of obtaining a transcript and associated court reporter expenses for the June 13, 2024, deposition of Mary Anne Evans;
- Reasonable attorney's fees for Ms. Wilkes attending the June 19, 2024, deposition of Tonya Latham; and
- The cost of obtaining a transcript and associated court reporter expenses for the June 19, 2024, deposition of Tonya Latham.

The Court DENIES Plaintiffs' Motion in all other respects. Additionally, the Court GRANTS OSLA's Motion to Modify the Protective Order [Doc. 133] already in

place, so the depositions of Mary Anne Evans, Tonya Latham, Fernando Lopez, and Jim Farha are continued until when and if the stay is lifted.

**IT IS SO ORDERED** this 29th day of August 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE